UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

PAUL B. TARTELL, M.D.,

    Plaintiff,

v.

SOUTH FLORIDA SINUS AND ALLERGY
CENTER, INC., LEE M. MANDEL, M.D., INC.,
Florida corporations, and
LEE M. MANDEL, M.D., individually,

    Defendants.

_____

## COMPLAINT

Plaintiff, Paul B. Tartell, M.D., sues Defendants, South Florida Sinus and Allergy Center, Inc. ("SFSAC"), Lee M. Mandel, M.D., Inc., and Lee M. Mandel, M.D., and alleges:

### Jurisdiction & Venue

1.    This is an action for injunctive relief and damages for false designation of origin, false advertising and cybersquatting under Section 43 of the Lanham Act, 15 U.S.C. § 1125, unauthorized publication of name or likeness under Fla. Stat. § 540.08, and unfair competition under Florida law.

2.    Defendants have knowingly, willingly, and in bad faith registered and used internet domain names, namely PaulTartell.com and PaulTartellMD.com, that infringe Dr. Tartell's name, mark and personal likeness, competes unfairly with Dr. Tartell, and constitutes cyberpiracy.

3. This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(b). This Court has supplemental jurisdiction over all state law causes of action under 28 U.S.C. §§ 1338(b) and 1367(a).

4. Venue is proper because Defendants reside and do business in this judicial district.

## The Parties

5. Plaintiff, Paul B. Tartell, M.D., is a licensed Florida physician practicing in Broward County, Florida in the areas of otolaryngology, head and neck surgery and facial plastic and reconstructive surgery.

6. Defendant SFSAC is a Florida corporation consisting of a group of otolaryngologists and plastic surgeons, including Defendants Mandel and Lee M. Mandel, M.D., Inc., who practice in Broward County, Florida.

7. Defendant Lee M. Mandel is a licensed Florida otolaryngologist and president of SFSAC. Mandel practices under a corporate name, Lee M. Mandel, M.D., Inc. and he is the moving force behind the infringing activities described herein.

## The Parties' Medical Practices

8. Dr. Tartell is a double board certified physician and surgeon who specializes in Otolaryngology-Head and Neck Surgery and Facial Plastic and Reconstructive Surgery. Dr. Tartell has practiced in Broward County since 1994, is widely known, and has an excellent reputation in the community.

9. In 1998, Mandel joined Dr. Tartell to form a new medical practice, Tartell & Mandel, M.D., P.A.. The corporate structure changed in 2004 at which time they formed Tartell

2

& Mandel, M.D., LLC. ("T&M, LLC"). Since inception of the practice, Dr. Tartell, the senior partner, had always been President of the respective incarnations of their joint practices.

10. In connection with the formation of T&M, LLC, Drs. Tartell and Mandel each formed their own operating corporations, hence Defendant Lee M. Mandel, M.D., Inc., through which Mandel conducts his medical practice.

11. On or about July 2011, Drs. Tartell and Mandel had disagreements not germane to this dispute and they split up and formed their own medical practices, with Mandel operating under Defendant SFASC.

12. Dr. Tartell has never had any ownership, operating or participation interest whatsoever in Defendant SFASC and he no longer practices with Mandel.[1]

### Dr. Tartell's Notoriety

13. As set forth above, Dr. Tartell has, as a result of over 28 years of professional experience in academic and private practice, achieved notoriety as a reputable, definitive, successful, high-profile, board certified otolaryngologist, head and neck surgeon, facial plastic and reconstructive surgeon and sinus/allergist specialist who is very well-known in the South Florida community and elsewhere.

14. In 2005, T&M, LLC became the exclusive sinus and allergy specialist and facial reconstructive surgeon for the NHL Florida Panthers Hockey Club, as well as the professional voice specialist for the Bank Atlantic Center and Frank Sinatra Theater. Those high-profile positions continued through the end of the practice.

---

[1] For clarification and background, prior to the split up, T&M, LLC did business as "South Florida Allergy and Sinus Center" or "SFASC." While the parties were still practicing together, Mandel secreted that name to himself, creating his own corporation and Florida trademark, all behind Dr. Tartell's back and in violation of T&M, LLC's Operating Agreement. The dispute concerning ownership of the SFASC corporate name and Florida trademark is subject to a pending arbitration proceeding between these parties.

3

15. In addition, Dr. Tartell has lectured widely and authored numerous peer-reviewed publications.

16. As a result of Dr. Tartell's broad experience, goodwill, notoriety, and excellent reputation in the medical community, a substantial portion of the consuming public associates his name with his medical practice so that his name in the public mind has become synonymous with his medical practice and thus has acquired a secondary meaning.

17. In light of Dr. Tartell's fame, recognition, experience and reputation, the "Paul Tartell" name and mark has acquired substantial, if not incalculable, value.

18. Unfortunately, Defendants recognize this and have attempted unlawfully to exploit the "Paul Tartell" name and mark.

## Tartell Domain Names

19. On or about March 2012, Defendants, in an effort to capitalize on Dr. Tartell's excellent reputation and fame and without ever notifying him, registered the domain names PaulTartell.com and PaulTartellMD.com (the "Tartell Domains"), and linked those domains directly to their own website, SFASC.com, which website they also hijacked from Dr. Tartell.

20. Notably, the Tartell Domains never existed while Dr. Tartell was partnered with Mandel, but rather were created by Defendants, utterly in bad faith, after Tartell and Mandel split up and after Defendants had hijacked the SFASC website for their own use.

21. While it appears that the Tartell Domains have very recently been deactivated, Defendants profited for many months from their unlawful use of Dr. Tartell's name and likeness and they still maintain the registrations for those domains, which Defendants are able to reactivate at any time.

4

### "Paul Tartell" Google® Ad word

22. Even more troubling is the fact that Defendants, after the split and apparently obsessed with Dr. Tartell and his professional and medical success, purchased "Paul Tartell" as a Google Ad word so that when his name is entered into the search engine, Defendants' website appears as a related advertisement. See **Exhibit** hereto.

23. Particularly because of their past association with Dr. Tartell, Defendants' use of Dr. Tartell's name as an ad word is highly likely to cause confusion among the public and to deceive the public into believing that Dr. Tartell is still affiliated with Defendants and their medical practice when that is not at all the case.

24. This likelihood of confusion is compounded by the fact that, as explained above in footnote 1, Drs. Tartell and Mandel previously practiced together under the name "South Florida Allergy and Sinus Center" or "SFASC," which name and mark Mandel has now hijacked for himself.

25. Indeed, in light of the highly acrimonious nature of the break up of their medical practices, Defendants' use of Dr. Tartell's name as an ad word to deceive patients and the public into believing that the physicians are still practicing together is highly unlawful, not to mention unethical, and evinces deliberate bad faith.

26. As a result of Defendants' unlawful misappropriation and infringement of the "Paul Tartell" name and mark, Dr. Tartell has been substantially damaged, including irreparable harm to his reputation and goodwill for which there is no adequate remedy at law.

## COUNT I
### False Designation of Origin
### (15 U.S.C. § 1125(a))

27. Dr. Tartell realleges paragraphs 1-26 as though set forth in full herein.

28. This is an action for false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) in connection with Defendants' unlawful use of the "Paul Tartell" name and trademark.

29. Defendants, on or in connection with their services, use in commerce a word, term, name, or symbol, or a combination thereof, or a false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Dr. Tartell, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Dr. Tartell.

30. More particularly, Defendants' use of the Tartell Domains, as well as their use of "Paul Tartell" and formative variations thereof as a Google® ad word to drive to their own website patients seeking Dr. Tartell's medical services is highly likely to cause patients and professional referral sources to erroneously believe that Dr. Tartell still practices or is associated with Defendants, when that is not at all the case, all in violation of 15 U.S.C. § 1125(a).

31. As a result of Defendants' misconduct, Dr. Tartell has been damaged.

## COUNT II
### Federal Cybersquatting
### (15 U.S.C. § 1125(d))

32. Dr. Tartell realleges paragraphs 1-26 as though set forth in full herein.

33. This is an action for cybersquatting under Section 43 of the Lanham Act, 15 U.S.C. § 1125(d), in connection with Defendants' unlawful use of the Tartell Domains.

34. Defendants had a bad faith intent to profit from the "Paul Tartell" trademark and registered, trafficked in or used a domain name that is confusingly similar and dilutive to the "Paul Tartell" mark.

35. As a result of Defendants' misconduct, Dr. Tartell has been damaged.

36. Defendants' Tartell Domains should be forfeited, and Defendants ordered to transfer the registrations to Dr. Tartell under 15 U.S.C. § 1125(d)(1)(C).

## COUNT III
## False Advertising
## (15 U.S.C. § 1125(a)

37. Dr. Tartell realleges paragraphs 1-26 as though set forth in full herein.

38. This is an action for false advertising under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) in connection with Defendants' unlawful use of the "Paul Tartell" name and trademark.

39. Defendants' ads, including its Google® ad word advertisements, are false and misleading.

40. Defendants' ads deceive, or have the capacity to deceive, consumers, and such deception is likely to have a material effect on purchasing decisions.

41. Defendants' misrepresented medical services affects interstate commerce.

42. Dr. Tartell has been is likely to continue to be injured as a result of Defendants' false advertising.

## COUNT IV
## Unauthorized Publication of Name and Likeness
### (Fla. Stat. § 540.08)

43. Dr. Tartell realleges paragraphs 1-26 as though set forth in full herein.

44. This is an action for unauthorized publication of name or likeness under Fla. Stat. § 540.08.

45. Defendants have published, displayed and are otherwise publicly using for purposes of trade or for a commercial or advertising purpose Dr. Tartell's name and likeness without his consent.

46. As a result of Defendants' misconduct, Dr. Tartell has been damaged.

## COUNT V
## Unfair Competition
### (Florida law)

47. Dr. Tartell realleges paragraphs 1-26 as though set forth in full herein.

48. This is an action for unfair competition under Florida law in connection with Defendants' unlawful use of the "Paul Tartell" name and trademark.

49. Defendants, in connection with their services, use in commerce a word, term, name, or symbol, or a combination thereof, or a false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Dr. Tartell, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Dr. Tartell.

50. As a result of Defendants' misconduct, Dr. Tartell has been damaged.

8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Paul Tartell, M.D., prays that the Court award the following relief:

A. Temporarily and permanently enjoining Defendants, their officers, employees, and agents, and all persons or entities in active concert or participation with any of them, from using, displaying, advertising or selling their services under, or otherwise doing business or holding themselves out to the public as, "Paul Tartell," including all formative variations thereof, including, without limitation, "Paul Tartell, M.D.," "Dr. Paul Tartell," and "Dr. Tartell," and any mark confusingly similar thereto;

B. Temporarily and permanently enjoining Defendants, their officers, employees, and agents, and all persons or entities in active concert or participation with any of them, from advertising their medical practice using "Paul Tartell," including all formative variations thereof, including, without limitation, "Paul Tartell, M.D.," "Dr. Paul Tartell," or "Dr. Tartell," as an ad word, whether or Google® or any other search engine;

C. Temporarily and permanently enjoining Defendants, their officers, employees, and agents, and all persons or entities in active concert or participation with any of them, from using "Paul Tartell," including all formative variations thereof, including, without limitation, "Paul Tartell, M.D.," "Dr. Paul Tartell," or "Dr. Tartell," in metatags embedded in their own websites;

D. Temporarily and permanently enjoining Defendants from engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Dr. Tartell's medical and professional reputation, or weaken the distinctive quality of the "Paul Tartell" mark;

E. Order that the Tartell Domains be forfeited and cancelled or transferred to Dr. Tartell under 15 U.S.C. § 1125(d)(1)(C);

F.  Order Defendants to pay Dr. Tartell monetary relief under 15 U.S.C. § 1117(a) in an amount equal to Defendants' profits plus damages sustained by Dr. Tartell, including treble damages, plus the cost of this action, including attorneys' fees pursuant to 15 U.S.C. § 1117(a);

G.  Find that this case is exceptional pursuant to 15 U.S.C. §§ 1117(a) and 1125(c), and treble any damages awarded to Dr. Tartell due to Defendants' willful and intentional acts of trademark infringement and unfair competition;

H.  Award statutory damages under 15 U.S.C. § 1117(d) in the amount of not less than $1,000 and not more than $100,000 per domain name, as the Court considers just;

I.  Order Defendants to pay Dr. Tartell monetary relief under Fla. Stat. § 540.08(2), including damages, a reasonable royalties, and punitive or exemplary damages; and

J.  Such other relief as this Court deems just and proper.


Dated: September 20, 2012

                                          Respectfully submitted,

                                        /s/Matthew S. Nelles

Adam G. Rabinowitz
Florida Bar No. 177962
arabinowitz@broadandcassel.com
Matthew S. Nelles
Florida Bar No.009245
E-mail: mnelles@broadandcassel.com
**BROAD AND CASSEL**
One Financial Plaza, Suite 2700
Fort Lauderdale, Florida  33394
Telephone: (954) 764-7060
Facsimile:(954) 761-8135