UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 12-CIV-61853
DIVISION: DIMITROULEAS/SNOW

PAUL B. TARTELL, M.D.,

    Plaintiff,

vs.

SOUTH FLORIDA SINUS AND ALLERGY
CENTER, INC., LEE M. MANDEL, M.D., INC.,
Florida corporations, and LEE M. MANDEL,
M.D., individually,

    Defendants.

_____/

## DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW, Defendants, SOUTH FLORIDA SINUS AND ALLERGY CENTER, INC., LEE M. MANDEL, M.D., INC., Florida corporations, and LEE M. MANDEL, M.D., individually, by and through their undersigned counsel and hereby file this, their Answer to Complaint and states as follows:

1. Denied and demands strict proof thereof.

2. Denied and demands strict proof thereof.

3. Denied and demands strict proof thereof.

4. Denied and demands strict proof thereof.

5. Without knowledge and demands strict proof thereof.

6. Admitted.

7. Admitted as to the first part of this sentence and denied and demands strict proof thereof as to the claim that "he is the moving force behind the infringing activities described herein".

8. Denied and demands strict proof thereof.

9. Admitted as to the first part of this sentence and denied and demands strict proof thereof as to the claim that the Plaintiff is the senior partner, as both physicians have only been equal partners or equal members of the medical practice.

10. Admitted.

11. Denied and demands strict proof thereof.

12. Admitted. The footnote connected to this paragraph is denied and strict proof thereof is demanded.

13. Without knowledge and demands strict proof thereof.

14. Denied and demands strict proof thereof.

15. Denied and demands strict proof thereof.

16. Denied and demands strict proof thereof.

17. Denied and demands strict proof thereof.

18. Denied and demands strict proof thereof.

19. Denied and demands strict proof thereof.

20. Denied and demands strict proof thereof.

21. Denied and demands strict proof thereof.

22. Denied and demands strict proof thereof.

23. Denied and demands strict proof thereof.

24. Denied and demands strict proof thereof.

25. Denied and demands strict proof thereof.

26. Denied and demands strict proof thereof.

27. No further response is necessary.

28. Without knowledge and demands strict proof thereof.

29. Denied and demands strict proof thereof.

30. Denied and demands strict proof thereof.

31. Denied and demands strict proof thereof.

32. No further response is necessary.

33. Denied and demands strict proof thereof.

34. Denied and demands strict proof thereof.

35. Denied and demands strict proof thereof.

36. Denied and demands strict proof thereof.

37. No further response is necessary.

38. Denied and demands strict proof thereof.

39. Denied and demands strict proof thereof.

40. Denied and demands strict proof thereof.

41. Denied and demands strict proof thereof.

42. Denied and demands strict proof thereof.

43. No further response is necessary.

44. Denied and demands strict proof thereof.

45. Denied and demands strict proof thereof.

46. Denied and demands strict proof thereof.

47. No further response is necessary.

48. Denied and demands strict proof thereof.

49. Denied and demands strict proof thereof.

50. Denied and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

**1.** As and for their first affirmative defense, the Defendants would state that the Complaint fails to state a cause of action since there is no Mark in the Plaintiff's name recognized as a matter of law.

**2.** As and for their second affirmative defense, the Defendants would state that any use of any descriptive Mark by the Defendants was a fair use and authorized by law.

**3.** As and for their third affirmative defense, the Defendants would state that the use of any descriptive Mark by the Defendants was with the consent and acquiescence of the Plaintiff.

4. As and for their fourth affirmative defense, the Defendants would state that the use of any descriptive Mark by the Defendants was in good faith.

5. As and for their fifth affirmative defense, the Defendants would state that the use of any descriptive Mark by the Defendants was for its intended purpose.

6. As and for their sixth affirmative defense, the Defendants would state that the use of any descriptive Mark by the Defendants is not likely to cause any consumer confusion.

7. As and for their seventh affirmative defense, the Defendants would state that the

use of any descriptive Mark by the Defendants was for its primary purpose.

8. As and for their eighth affirmative defense, the Defendants would state that their actions constitute nominative use, which is not actionable as a matter of law.

9. As and for their ninth affirmative defense, the Defendants would state that their use of a term was not only lawful but also necessary for purposes of identifying a certain product or service, and only so much of the Mark as was necessary was used to accomplish the nominative use.

10. As and for their tenth affirmative defense, the Defendants would state that all actions taken by the Defendants are constitutionally protected by the United State Constitution and such use trumps any applicable trademark law.

11. As and for their eleventh affirmative defense, the Defendants would state that the Plaintiff's claims fail the likelihood of confusion analysis and are therefore not colorable.

12. The Defendants reserve the right to seek to assert further affirmative defenses as may be available after discovery is conducted in this matter.

WHEREFORE, Defendants, respectfully request this Honorable Court deny the relief requested by the Plaintiff, order the repayment of the Defendants' attorneys fees, costs and expenses in defending this litigation and grant other and further relief as this Honorable Court deems just and appropriate under the circumstances.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of January, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the

foregoing document is being served this day on counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or partied who are not authorized to receive electronically Notices of Electronic Filing.

THE NEWMARK LAW FIRM, P.A.
Attorneys for Defendants
2650 West State Road 84, Suite 101C
Fort Lauderdale, FL 33312
(954) 926-2460
Primary Email Address: frontdesk@newmarklaw.com
Secondary Email Address: tracy@newmarklaw.com
Tertiary Email Address: donna@newmarklaw.com

By: /s/ Tracy B. Newmark
TRACY BELINDA NEWMARK
Florida Bar No.: 856886