UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 12-61853-CV-
Dimitrouleas

PAUL B. TARTELL, M.D.,

     Plaintiff,

vs

SOUTH FLORIDA SINUS AND ALLERGY
CENTER, INC., LEE M. MANDEL, M.D., INC., et al

     Defendants.

_____/

## DEFENDANTS' SOUTH FLORIDA SINUS AND ALLERGY CENTER, INC., LEE M. MANDEL, M.D., INC., and LEE M. MANDEL, M.D., RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Defendants, SOUTH FLORIDA SINUS AND ALLERGY CENTER, INC., LEE M. MANDEL, M.D., INC., and LEE M. MANDEL, M.D., by and through their undersigned counsel and hereby file this their Response in Opposition of Plaintiff's to Alter or Amend the Judgment and Incorporated Memorandum of Law[1] and as grounds therefor state as follows:

### RELIEF REQUESTED

The Defendants seek the entry of an Order **denying** the Plaintiff's Motion to Alter or Amend the Judgment sought by Plaintiff as there is no legal or factual basis for the relief sought

---

[1] Contrary to DE 143, Plaintiff failed to comply with Local Rule 7.1(a)(3). The inquiry of "Tracy, we inadvertently neglected to include a Rule 7.1 certificate in our Motion. Based on our discussion yesterday, I **presume** that defts do not agree to amend the FJ to find all defts liable and to increase the statutory damage award.  Is that correct?" was made on February 14, 2014 at 6:19 pm after DE 142 was filed. **Emphasis** supplied.

by the Plaintiff.

## SUMMARY OF ARGUMENT

The argument and case law presented by Plaintiffs in their quest to amend or alter the Final Judgment are flawed and distinguishable from this facts and ruling of the instant case. The Plaintiff cites to no legal authority or factual error in support of their first basis upon which they seek relief. The legal authority upon which the Plaintiff relies in support of their second basis for relief is all factually and procedurally inapplicable to this case, the cause of action before this Court and the evidence presented at the trial in this action. The Plaintiff seeks this relief pursuant to Rule 59(e) yet does not present any new argument, newly discovered evidence, or a showing to the Court of error that should be corrected, as a basis for its relief sought. Since the Plaintiff cannot show this Court, based upon either legal authority or factual inaccuracies, the Judgment should stand as filed by this Court.[2]

## MEMORANDUM OF LAW AND FACTS

A.     **The Court's Judgment in favor of the two corporate defendants should stand unaltered.**

The Plaintiff's first issue with the Final Judgment is contained in this Court's Findings of Fact and Conclusions of Law which states that the Defendant, Lee M. Mandel, M.D., **individually**, registered the domain names which were the subject of this four (4) day trial. The telling part of the Plaintiff's argument is contained on page 3 of DE 142 where it is stated "We respectfully disagree." The entirety of this issue presented by the Plaintiff is that they do not

_____

[2] For purposes of this Response the Defendants take no issue with the Judgment, however in the event the Plaintiff files an appeal of the Judgment entered by this Honorable Court, the Defendants reserve their right to file any

agree that they failed to present any evidence, let alone competent substantial evidence, of any specific intent of the corporate Defendants in any aspect of this case.

There is absolutely no legal authority upon which the Plaintiff has relied in presenting this issue before this Court to support why, based upon their different interpretation of the case and evidence presented, considered and ruled upon by the Court, their mere respectful disagreement is or could be the basis of an alteration or amendment to the Judgment entered by the Court. In fact, it is as if they need to have the last word in telling the Court that, respectfully, the Court must be wrong since the Court does not agree with the Plaintiff, akin to the child who does not like the way the game is being played so he takes his ball and leaves the ball park.

It is irrelevant under which corporate structure or fictitious name the individual defendant practiced medicine at the time he engaged in the individual act found by the Court to be the basis upon the relief was granted to the Plaintiff. This Honorable Court clearly found that all actions taken in support of the Judgment against Lee Mandel, MD, individually, were individual actions and therefore any disagreement with this finding should not be altered in absence of a clear showing of error on the part of the Court. The Plaintiff is attempting to have yet another "bite at the apple" to attempt to convince this Honorable Court that it should rule in his favor without showing the Court how any of the findings are inconsistent with the evidence presented. This Court's findings that the individual (Lee Mandel, MD) had the intent to profit is not the same as finding that there was an intent for the individual to profit for his companies for which he is employed, such would have been a different case than that which was presented by the Plaintiff. The alteration or amendment sought by the Plaintiff is just another attempt to "double dip" into their claim for damages, one which was not presented to this Honorable Court at trial. The

---

appropriate cross appeal that may be available to any of the Defendants.

Plaintiffs are attempting to argue that an individual acting on their own behalf can created corporate liability for their employer when there has been absolutely no showing that the corporate employer was in any way involved in the act of the individual.

To recap, Dr. Mandel never practiced medicine **under** Lee M. Mandel, MD, Inc.; the evidence was that the corporate entities (Lee M. Mandel, MD, Inc. and Paul B. Tartell, MD, Inc. n/k/a Paul B. Tartell, MD, PL) were created to pay the business related personal expenses of the physicians before distributions were made.[3] After the parties separated their medical practices, Lee M. Mandel, MD practiced and continues to practice medicine as South Florida Sinus and Allergy Center (a fictitious name). Between July 1, 2011 and September 2012, Lee M. Mandel, MD, has been an employee of South Florida Sinus and Allergy Center, Inc. and ENT Associates of South Florida, Inc. (as of January 1, 2013). The actions found by the Court to be taken were not taken for any of the employers, only by the individual. No evidence was presented and therefore no good faith argument can be made otherwise.

>    **B.     The statutory damages awarded to Defendant are reasonable and fair and should stand unaltered.[4] A finding of bad faith intent is a necessary threshold finding to ANY award of damages at all, not a finding to gauge the amount of statutory damages that should be awarded.**

A finding of bad faith intent to profit is necessary to find any liability whatsoever under 15 U.S.C. §1125(d).  The Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C §1125(d), imposes liability upon a person for the bad faith intent to profit from a protected mark by registering or using a domain name that is identical or confusingly similar, or dilutive of, that

---

[3] This was necessary because the Plaintiff was dipping into the Tartell and Mandel, MD, LLC's funds as his personal piggy bank, as testified to in the pre-trial depositions.
[4] In the event the Plaintiff pursues an appeal of the Final Judgment, the Defendant may seek to pursue their available remedies and no argument made in this Response should be considered a waiver of such.

mark.  To prevail under 15 U.S.C. §1125(d), plaintiff must demonstrate that " (1) its mark is distinctive or famous and entitled to protection; (2) the Defendant's domain name is identical or confusingly similar to the Plaintiff's mark; and (3) the Defendant registered or used the domain name with a ***bad faith intent to profit***. (emphasis added)" *Davaro Palace, S.A. v. Vacation Tours, Inc.,* 203 Fed. App'x. 252, 256 (11th Cir. 2006).

Plaintiff is confusing the law that governs this case.  Plaintiff is attempting to convince this Honorable Court that *because* a finding of "bad faith intent to profit" was made, the Court should increase the (nominal) statutory damages awarded.  Plaintiff's argument is contra to the well settled law governing this matter.  Absent a finding of bad faith intent to profit, the Court could not have awarded one single dollar in statutory damages under 15 U.S.C §1125(d), as all required elements of this statute would not have been proven.

Plaintiff goes on to allege that by awarding statutory damages at the lower end of the spectrum, this Honorable Court has somehow "mistakenly confused an actual damages analysis with a statutory damages analysis, and unfairly prejudiced the Plaintiff for choosing a statutory damages remedy in lieu of presenting proof of actual damages."  Again, Plaintiff has confused the law of the case.  Moreover, Plaintiff has failed to provide any supporting case law as to how an "actual damages analysis" and a "statutory damages analysis" differ. It should be noted that Plaintiff had the choice "to elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000.00 and not more than $100,000.00 per domain name, as the Court considers just." 15 U.S.C. §1125(d)(1).  Plaintiff did not make their statutory election until the final hour of trial in this cause, forcing Defendants to defend against their allegations of actual damages all through the litigation and throughout trial, which in turn unnecessarily extended the litigation and

trial in this cause. Even after the conclusion of trial, the Plaintiff sought to continue to argue entitlement to actual damages (therein referred to as "nominal damages") and filed DE 133. Plaintiff failed to present any evidence whatsoever of actual damages throughout the four (4) days of trial; not because they had made the election to pursue only statutory damages as their exclusive remedy, but because *no evidence whatsoever* existed of actual damages; if such evidence existed none was presented at trial. As a great legal scholar once said, that case must have been left in the Plaintiff's other briefcase at his office.

All case law cited by Plaintiff in this section of their argument is wholly distinguishable and misplaced.  Plaintiff cites *to Chanel, Inc. v. 7perfecthandbags.com*, 12-22057-CIV, 2014WL 352197 (S.D. Fla. 2014) stating that *Chanel* stands for the proposition that "Congress enacted statutory damages in cases such as **trademark counterfeiting** where damages are almost impossible to ascertain (emphasis added)". [Plaintiff also states to *Tiffany (NJ), LLC v. Dongping*, No. 10_61214. 2010 WL 4450451 (S.D.Fla. Oct.29, 2010) which stands for the identical proposition and is distinguishable on its face for the same reasons.] This Plaintiff's Complaint did not sound in trademark counterfeiting under 15 U.S.C. §1117(c), and accordingly this Honorable Court did not award damages for "trademark counterfeiting".  Therefore any citation to this Congressional intent is irrelevant in the matter at hand.  In *Chanel*, Defendants were found liable of promoting, selling, offering for sale and distributing goods bearing counterfeits of Plaintiff's trademarks within this Judicial District through various fully interactive commercial Internet websites and commercial e-stores in direct contravention of Chanel's rights. *Id.* at 5.  Moreover, as with all case law cited in Plaintiff's Memorandum of Law, the awards in favor of Plaintiff in *Chanel* are the result of a **Default** Final Judgment.  The Defendants in *Chanel* failed to appear, plead or otherwise defend in the action.  *Id.* at 1. Accordingly, all well-

plead allegations in the Complaint were deemed admitted, and Plaintiffs were entitled to the entry of a Default Final Judgment against Defendants. *Id.* at 9.

In *Chanel*, Plaintiff sought statutory damages in this amount of $10,000.00 for each of the twenty-four (24) domain names violating the provisions of 15 U.S.C. 1125(d)(1) for a total award of $240,000.00. *Id.* at 15. The Court states that "in this case, a hearing on damages is unnecessary as Plaintiff seeks statutory damages and has submitted detailed declarations with accompanying documentary evidence in support of its damages request". *Id.* at 10. The Court awarded to Plaintiffs through the Court's Default Final Judgment, exactly what the Plaintiff's requested without hearing. These are certainly not the same circumstances as the case at bar. First, Plaintiff's prayer for relief requested the following "award statutory damages under 15 U.S.C. 1117(d) in the amount of not less than $1,000.00 and not more than $100,000.00 per domain name, as the Court considers just." The Court did just as Plaintiff requested. In *Chanel*, Defendant failed to respond to the suit in anyway whatsoever. Therefore, Defendants would have also failed to provide any discovery whatsoever, making it near impossible for Plaintiffs to prove the profits and ill-gotten gains achieved by Defendants in the sale and distribution. Here, Defendants vigorously defended in this action and appropriately responded to any and all discovery propounded upon them by Plaintiff. If Plaintiff wanted to prove his 'actual damages', he certainly had a responsive Defendant to assist him that endeavor unlike *Chanel*. In fact in this action not only did the Plaintiff seek discovery from Dr. Mandel, but he received the discovery which he claimed would corroborate his claim for damages[5], he admitted the discovery documents into evidence at trial, yet he failed to hire or disclose any expert witnesses at trial and presented zero economic damages in his case, which was presented over the first three (3) days of

the over all trial. Certainly this Plaintiff had ample opportunity to build a damages case but since

he could provide no proof to the Court there was no foundation to support that complaint here, in

his Rule 59 (e) Motion.

In *Chanel,* the Court also considered the demonstrated willfulness of Defendant's

infringement in determining the appropriate damages award. *Id.* at 15. Here, the Court did the

same and opined that:

> An award at the lowest end of the range is more appropriate in these
> circumstances. First, although Dr. Mandel acted in bad faith, his
> conduct had no proven economic effect on either party. Although
> that conduct was likely to confuse Dr. Tartell's patients, that confusion
> would be easily remedied as soon as patient contacted Dr. Mandel's
> practice and discovered that Dr. Tartell no longer worked there.
> Second, Dr. Mandel discontinued his use of the Tartell Domains on
> September 21, 2012, the day after this lawsuit was filed. At that point,
> given the dearth of evidence that Dr. Tartell was actually losing patients,
> the effects of Dr. Mandel's conduct were virtually eliminated. Nonetheless,
> the action continued all the way through trial because Dr. Mandel refused
> to take responsibility for his antics[6] while Dr. Tartell sought a statutory
> windfall for a short-lived and largely pointless deceit.

Plaintiff goes on to cite to *Taverna Opa Trademark Corp. v. Ismail*, Case No. 08-20776-CIV,

2010 WL 1838384 (S.D. Fla. May 6, 2010) in support of his argument that "awarding only

$1,000.00 per bad faith violation of section 1125(d) is contrary to other decisions in this

district awarding significantly more when bad faith conduct, such as that in this case, was

found". In *Taverna Opa,* Plaintiff filed suit against a former employee who worked as a belly

dancer at a Taverna Opa restaurant until 2001 when she left the company and registered the

---

[5]  All patient demographic sheets where the word "Web" was checked off at the time the new patient was seen by Dr.
Mandel in either of his offices during the period of registration through the filing of this lawsuit.
[6]  The Defendants strongly dispute this finding, as all complained of activity of the Defendants immediately ceased
upon the Plaintiff requesting a release of the registered domain names (the filing of this action and service of the
pleadings upon the Defendants). The Defendants are uncertain how it is the Court finds Defendants made no efforts
at resolution (or that "antics" were continued) since there was no evidence presented to this effect and suffice it to
say that if such evidence were permitted to be presented (unfortunately the Evidence Code prohibits such) as to
attempts to settle prior to trial, the Court would have heard of the Defendants' repeated attempts to settle this case up

domain name www.tavernaopa.com and later posted advertisements for a competing Greek restaurant and thereafter offered to sell the domain name to the Plaintiff for $25,000.00. *Id.* at 2-4.   The Defendant in *Taverna Opa* was properly served in the action and failed to respond to the complaint (as with the rest of the case law cited to by Plaintiff in support of their argument at issue).   Plaintiff in *Taverna Opa* sought statutory damages only in the amount of $100,000.00 because of the Defendant's bad faith.   The Court awarded Plaintiff $10,000.00 noting that the infringing website had apparently been discontinued for some time. The same was entered without a damages hearing, as allowed in a Default Final Judgment.  *Id.* at 6.  In *Taverna Opa*, the unlawfully registered domain name was actually activated and used to divert customers to a competing restaurant and the Defendant admittedly improperly attempted to sell the domain to Plaintiff for $25,000.00.  If the bad faith intent to profit were a measuring scale for the amount of statutory damages to be awarded (which it is most definitely not), the bad faith found in *Taverna Opa* rises to a much more significant level than the "pointless deceit" found by this Court in this matter.

The Court has not abused its discretion in awarding $1,000.00 per violation. Moreover, the same is not inconsistent with the cases cited to by Defendant in support of the relief he seeks as all cases cited to by Defendant are patently distinguishable on their face as described herein.   As this Honorable Court has previously ruled "that amount is enough to provide Dr. Tartell with nominal reparation while also deterring individuals from cybersquatting in similar contexts where the conduct has little potential for economic result." *E & J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3D 270, 278 (5TH Cir. 2002) (noting that the purpose of statutory damages for cybersquatting is to compel restitution of profit and reparation for

---

to the weekend prior to trial, and the unreasonable demands made by the Plaintiff as conditions of settlement.

injury while also discouraging wrongful conduct).  A case that actually supports the facts and law of the case at bar.

## CONCLUSION

For the foregoing reasons, the Court should deny the Plaintiff's Motion in its entirety and leave the  Final Judgment and  Findings of Fact and Conclusions of Law intact.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF, I also certify that the foregoing is being served this day on all counsel and parties of record via the Notices of Electronic Filing generated by the CM/ECF.

THE NEWMARK LAW FIRM, P.A.
Attorneys for Defendants
2650 West State Road 84, Suite 101C
Fort Lauderdale, FL 33312
(954) 926-2460
tracy@newmarklaw.com
donna@newmarklaw.com

By:_/s/_____
    TRACY BELINDA NEWMARK
    Florida Bar No.: 856886