**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-61853-CIV-DIMITROULEAS/SNOW**

PAUL B. TARTELL, M.D.,

      Plaintiff,

vs.

SOUTH FLORIDA SINUS AND ALLERGY
CENTER, INC., LEE M. MANDEL, M.D., INC.
and LEE M. MANDEL, M.D. individually.

      Defendants.
_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE**

THIS CAUSE is before the Court upon the June 16, 2014, Report and Recommendation of Magistrate Judge Lurana S. Snow (the "Report") [DE 166]; Plaintiff's May 14, 2014, Motion for Award of Attorneys' Fees and Costs (Entitlement Only) (the "Motion for Entitlement to Fees") [DE 160]; and Plaintiff's May 15, 2014, Bill of Costs (the "Bill of Costs") [DE 161]. The Court has conducted a *de novo* review of the Report [DE 166], Defendants' Objections [DE 168], Plaintiff's Response [DE 173], Defendants' Reply [DE 175], and the record herein. The Court is otherwise fully advised in the premises.

The Magistrate Judge recommended that the Motion for Entitlement to Fees [DE 160] be granted. The Magistrate Judge noted the Eleventh Circuit's holding that fees can be awarded in an exceptional Lanham Act case, meaning a case that can be characterized as malicious, fraudulent, deliberate and willful, or involving fraud or bad faith. *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1336 (11th Cir. 2001) (internal quotations and citations omitted). The Magistrate Judge then identified the Court's holding that Dr. Mandel had purchased domain names and ad words with a bad faith intent to divert Plaintiff's patients in a

1

clandestine manner. Relying on that finding and the applicable Eleventh Circuit precedent, the Magistrate Judge concluded that the case involved evidence of bad faith and, therefore, warranted an award of attorneys' fees.

Additionally, the Magistrate Judge recommended that the Bill of Costs [DE 161] be granted, with a reduction for deposition-related costs incurred for the convenience of counsel. The total recommended cost award was for $9,793.56.

Defendants object to the Magistrate Judge's conclusions and recommendations as to both Motions [DE 160; DE 161]. With respect to fees, Defendants assert that a finding of "bad faith" is a necessary element of a claim for cybersquatting under § 1125(d) of the Lanham Act. Therefore, such a finding, standing alone, is insufficient to show that a case is "exceptional" for the purposes of fees. Defendants further assert that this case involved conduct that Defendants immediately ceased and that caused no damage to Plaintiff. Accordingly, Defendants maintain that the case is not "exceptional" and does not warrant an award of attorneys' fees.

With respect to costs, Defendants contend that Plaintiff did not recover on all claims and, therefore, is not necessarily the "prevailing party." Defendants additionally contend that the Court should exercise its discretion to deny a cost award. In support, Defendants note that the Court warned the parties at an early stage that the litigation might leave both parties with high fees and little satisfaction. Defendants additionally note that the Court eventually awarded statutory damages at the low end of the permissible range. Accordingly, Defendants seek a denial of Plaintiff's Bill of Costs [DE 161].

The Court agrees with the Magistrate Judge's reasoning and recommendations. Under Eleventh Circuit precedent, an award of attorneys' fees is permissible where there is evidence of bad faith. *See Tire Kingdom, Inc.*, 253 F.3d at 1336. There is no requirement for any additional

findings or for a higher threshold if the particular Lanham Act provision at issue (*e.g.*, 15 U.S.C. § 1125(d)) incorporates bad faith as an element for liability.  Here, the Court found that Defendants engaged in impermissible online conduct for the purpose of siphoning patients from a previous business colleague.  Although the damage award was at the low end of the permissible range, Defendants' bad faith conduct violated the Lanham Act and led to this protracted litigation.  And Defendants have not cited any binding authority precluding an award of fees under these circumstances.  Thus, as concluded by the Magistrate Judge, Plaintiff is entitled to an award of attorneys' fees.

Finally, there is no basis for declining an award of costs.  Defendants committed cybersquatting in violation of the Lanham Act, and Plaintiff prevailed on four of five counts.  Plaintiff is the prevailing party, and the Court agrees with the Magistrate Judge's calculation of the cost award.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 166] is hereby **ADOPTED and APPROVED**;

2. Defendant's Objections [DE 168] are **OVERRULED**;

3. The Motion for Entitlement to Fees [DE 160] is hereby **GRANTED**;

4. Plaintiff is authorized to submit a motion for attorneys' fees pursuant to Local Rule 7.3;

5. The Bill of Costs [DE 161] is hereby **GRANTED**; and

6. Plaintiff shall be awarded costs in the amount of $9,793.56;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of September, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record